UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JOHNNIE R. McKNIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   C.A. No. 3:21-cv-30052-MGM |
| | ) |
| PEOPLEREADY, INC., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendant PEOPLEREADY, INC. (hereinafter "PeopleReady" or "Defendant"), hereby answers the Amended Complaint ("Amended Complaint") filed by Plaintiff Johnnie McKnight ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1. In response to the allegations in Paragraph 1, PeopleReady states that Plaintiff's claims speak for themselves and therefore require no answer.  To the extent an answer is required, PeopleReady denies the allegations, further denies it violated the law in any way, and denies Plaintiff is entitled to any relief sought.

2. In response to the allegations in Paragraph 2, PeopleReady denies the allegations.

**JURISDICTION AND PROCEDURAL HISTORY**

3. In response to the allegations in Paragraph 3, PeopleReady admits the allegations.

4. In response to the allegations in Paragraph 4, PeopleReady admits that this court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1332(a). Except as so admitted, PeopleReady denies the allegations.

5. In response to the allegations in Paragraph 5, PeopleReady admits that this court has jurisdiction pursuant to 28 U.S.C. sections 1331 and 1332(a). Except as so admitted, PeopleReady denies the allegations.

## PARTIES

6. In response to the allegations in Paragraph 6, PeopleReady has insufficient information to admit or deny the allegations, and therefore denies the same.

7. In response to the allegations in Paragraph 7, PeopleReady admits the allegations.

## LEGAL PRINCIPLES

8. The allegations in Paragraph 8 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

9. The allegations in Paragraph 9 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

10. The allegations in Paragraph 10 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

11. The allegations in Paragraph 11 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

12. The allegations in Paragraph 12 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

13. The allegations in Paragraph 13 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

14. The allegations in Paragraph 14 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

15. The allegations in Paragraph 15 constitute a legal conclusion that do not require an admission or denial. To the extent an answer is required, PeopleReady denies the allegations.

## SUMMARY OF FACTS

16. In response to the allegations in Paragraph 16, PeopleReady admits that it is a temporary staffing company that provides labor to customers in a wide variety of industries.

17. In response to the allegations in Paragraph 17, PeopleReady admits the allegations.

18. In response to the allegations in Paragraph 18, PeopleReady denies the allegations. By way of further answer, PeopleReady admits that Matthew Gorski was the Market Manager and Plaintiff's direct supervisor. Except as so admitted, PeopleReady denies the allegations.

19. In response to the allegations in Paragraph 19, PeopleReady admits that Plaintiff was hired as a Trade Recruiter on May 31, 2016. By way of further answer, PeopleReady admits that at the time of Plaintiff's hire, PeopleReady's name was LaborReady, Inc. Except as so admitted, PeopleReady denies the allegations.

20. In response to the allegations in Paragraph 20, PeopleReady admits that at the time Plaintiff was hired, PeopleReady's name was LaborReady, Inc., and that Plaintiff remained employed following the name change. Except as so admitted, PeopleReady denies the allegations.

21. In response to the allegations in Paragraph 21, PeopleReady admits that Plaintiff was promoted to Branch Manager of the Springfield, Massachusetts branch on February 25, 2017.

22. In response to the allegations in Paragraph 22, PeopleReady admits that Plaintiff was later promoted to Skilled Trades Operations Manager until his termination. Except as so admitted, PeopleReady denies the allegations.

23. In response to the allegations in Paragraph 23, PeopleReady denies the allegations.

24. In response to the allegations in Paragraph 24, PeopleReady has insufficient information to admit or deny the allegations, and therefore denies the same.

25. In response to the allegations in Paragraph 25, PeopleReady has insufficient information to admit or deny the allegations, and therefore denies the same.

26. In response to the allegations in Paragraph 26, PeopleReady denies the allegations.

27. The allegations in Paragraph 27 constitute a legal conclusion that do not require an admission or denial.

28. In response to the allegations in Paragraph 28, PeopleReady admits that Mr. Gorski informed Plaintiff of the Company's decision to install interior windows between offices, including his office. Except as so admitted, PeopleReady denies the allegations.

29. In response to the allegations in Paragraph 29, PeopleReady admits that part of Cathy Guevin's job duties included interviewing candidates. PeopleReady has insufficient information to admit or deny the remaining allegations, and therefore denies the same.

30. In response to the allegations in Paragraph 30, PeopleReady admits that Plaintiff informed Mr. Gorski for the first time of Plaintiff's ADHD diagnosis on September 30, 2019, after Mr. Gorski had informed Plaintiff of the Company's plan to install an internal window in Plaintiff's office. Except as so admitted, PeopleReady denies the allegations.

31. In response to the allegations in Paragraph 31, PeopleReady admits that Plaintiff informed Mr. Gorski for the first time of Plaintiff's ADHD diagnosis on September 30, 2019, after Mr. Gorski had informed Plaintiff of the Company's plan to install an internal window in Plaintiff's office. Except as so admitted, PeopleReady denies the allegations.

32. In response to the allegations in Paragraph 32, upon information and belief, Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination as alleged in Paragraph 32.

33. In response to the allegations in Paragraph 33, PeopleReady denies the allegations.

34. In response to the allegations in Paragraph 34, PeopleReady admits that Plaintiff had previously closed his office door for hours at a time, ignoring attempts by his staff to reach him. Except as so admitted, PeopleReady denies the allegations.

35. In response to the allegations in Paragraph 35, PeopleReady admits that it required Plaintiff to follow the Americans with Disabilities Act accommodation process required of every PeopleReady employee. Except as so admitted, PeopleReady denies the allegations.

36. In response to the allegations in Paragraph 36, PeopleReady denies the allegations. By way of further answer, PeopleReady admits that Plaintiff provided documentation from his physician that stated that he does not have any work restrictions or limitations. The form also failed to designate "yes" or "no" as to whether Plaintiff was able to perform the "concentration" essential function of his job, and merely stated "distracted if door to office is open." The form also failed to identify the duration of the accommodation needed. Except as so admitted, PeopleReady denies the allegations.

37. In response to the allegations in Paragraph 37, PeopleReady admits the allegations.

38. In response to the allegations in Paragraph 38, PeopleReady admits that Plaintiff reported to Mr. Gorski on November 18, 2019, that he felt threatened by a temporary associate and that he wanted to terminate the employment of the temporary associate. By way of further answer, PeopleReady admits that Mr. Gorski recommended calling the police if Plaintiff felt threatened by the associate, and told Plaintiff that terminating the associate's employment was, as was any

decision to terminate employment, within Plaintiff's discretion. Except as so admitted, PeopleReady denies the allegations.

39. In response to the allegations in Paragraph 39, PeopleReady admits that Plaintiff spoke with Human Resources on November 18, 2019, and exchanged multiple emails about his concerns on November 19, 2019. PeopleReady further admits that he wrote an email to Human Resources on November 19, 2019, in which he asked, "am I able to work from home until I feel comfortable working back in the office?" Except as so admitted, PeopleReady denies the allegations.

40. In response to the allegations in Paragraph 40, PeopleReady admits that Plaintiff provided a Health Care Provider Statement dated December 4, 2019, stating that he was unable to work starting November 25, 2019, and would be released to return to work on December 9, 2019. The provider further requested that Plaintiff be permitted to work from home between December 9, 2019, and January 7, 2020. Except as so admitted, PeopleReady denies the allegations.

41. In response to the allegations in Paragraph 41, PeopleReady denies the allegations.

42. In response to the allegations in Paragraph 42, PeopleReady admits that it provided Plaintiff with a medical leave of absence through January 6, 2020, to accommodate his disability. PeopleReady further admits that it informed Plaintiff that he would need to provide a Fitness for Duty Form two business days prior to his anticipated return to work on January 7, 2020. Except as so admitted, PeopleReady denies the allegations.

43. In response to the allegations in Paragraph 43, PeopleReady admits that Plaintiff provided a Health Care Provider Statement dated December 26, 2019, contradicting his earlier Statement, clearing him to return to work without restrictions on December 30, 2019. Except as so admitted, PeopleReady denies the allegations.

44. In response to the allegations in Paragraph 44, PeopleReady admits that Plaintiff returned to work on December 30, 2019, without having been cleared by the Company to return to work. And that therefore, when he returned, certain of Plaintiff's personal belongings were still moved off his desk in order to allow other employees to use it as a workspace. By way of further answer, PeopleReady admits that, as is standard protocol for all employees out on a medical leave of absence and not yet cleared to return by the Company, Plaintiff's access to Company computer and email had been temporarily disabled. Except as so admitted, PeopleReady denies the allegations.

45. In response to the allegations in Paragraph 45, PeopleReady denies the allegations. By way of further answer, PeopleReady admits that Mr. Gorski informed Plaintiff that he company was assessing his request.

46. In response to the allegations in Paragraph 46, PeopleReady denies that Plaintiff was forced on leave. By way of further answer, PeopleReady admits that on January 31, 2020, Plaintiff's employment was terminated. Except as so admitted, PeopleReady denies the allegations.

47. In response to the allegations in Paragraph 47, PeopleReady states that the letter speaks for itself. Except as so admitted, PeopleReady denies the allegations.

48. In response to the allegations in Paragraph 48, PeopleReady states that the letter speaks for itself. Except as so admitted, PeopleReady denies the allegations.

49. In response to the allegations in Paragraph 49, PeopleReady admits that it did not reinstate Plaintiff. Except as so admitted, PeopleReady denies the allegations.

50. In response to the allegations in Paragraph 50, PeopleReady denies the allegations.

51. In response to the allegations in Paragraph 51, PeopleReady denies the allegations.

52. In response to the allegations in Paragraph 52, PeopleReady denies the allegations.

53. In response to the allegations in Paragraph 53, PeopleReady denies the allegations.

54. In response to the allegations in Paragraph 54, PeopleReady denies the allegations.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF M.G.L. c. 151B § 4(16)

55. In response to the allegations in Paragraph 54, PeopleReady denies the allegations.

56. In response to the allegations in Paragraph 55, PeopleReady denies the allegations.

57. In response to the allegations in Paragraph 56, PeopleReady denies the allegations.

### COUNT II: RETALIATION IN VIOLATION OF M.G.L. c. 151B § 4(4)

58. In response to the allegations in Paragraph 57, PeopleReady denies the allegations.

59. In response to the allegations in Paragraph 58, PeopleReady denies the allegations.

### COUNT III: FMLA INTERFERENCE

60. The allegations in Paragraph 59 constitute a legal conclusion that do not require an admission or denial.

61. The allegations in Paragraph 60 constitute a legal conclusion that do not require an admission or denial.

62. The allegations in Paragraph 61 constitute a legal conclusion that do not require an admission or denial.

63. In response to the allegations in Paragraph 62, PeopleReady denies the allegations.

64. In response to the allegations in Paragraph 63, PeopleReady denies the allegations.

65. In response to the allegations in Paragraph 64, PeopleReady denies the allegations.

66. In response to the allegations in Paragraph 65, PeopleReady denies the allegations.

67. In response to the allegations in Paragraph 66, PeopleReady denies the allegations.

## COUNT III: FMLA RETALIATION

68. The allegations in Paragraph 67 constitute a legal conclusion that do not require an admission or denial.

69. The allegations in Paragraph 68 constitute a legal conclusion that do not require an admission or denial.

70. In response to the allegations in Paragraph 69, PeopleReady denies the allegations.

71. In response to the allegations in Paragraph 70, PeopleReady denies the allegations.

72. In response to the allegations in Paragraph 71, PeopleReady denies the allegations.

73. In response to the allegations in Paragraph 72, PeopleReady denies the allegations.

## AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's Amended Complaint, PeopleReady pleads the following affirmative defenses, without waiving any arguments that it may be entitled to assert concerning the burdens of proof, legal presumptions, or other legal characterizations:

1. Plaintiff's Amended Complaint fails to state a claim for which relief may be granted.

2. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities available to him.

3. PeopleReady has a written policy against unlawful harassment, discrimination, and retaliation which provided a procedure for employees to lodge complaints of discrimination, harassment, or retaliation and provided for prompt and through investigation of any such complaints.

4. Plaintiff's Amended Complaint and each alleged cause of action is barred in whole or in part by the doctrine of unclean hands, waiver and/or estoppel.

5.  If and to the extent Plaintiff has sustained damages, these damages were not proximately caused by any conduct of PeopleReady, and possibly were caused by third parties other than PeopleReady.

6.  Plaintiff's employment was terminable at will, and his termination was not due to any unlawful reason.

7.  To the extent PeopleReady took any of the actions alleged in the Amended Complaint, and to the extent that such actions are attributable to management of PeopleReady, those actions were the true and privileged acts of management taken in good faith for lawful business reasons, and were not arbitrary or capricious.

8.  If Plaintiff suffered any harm or damage, he has failed to mitigate that harm or damage, and to protect himself from avoidable consequences.

9.  PeopleReady's conduct with regard to the allegations in Plaintiff's Amended Complaint were reasonable, in good faith, and not willful.

10. The Amended Complaint and each purported cause of action are barred in whole or in part by the doctrine of after-acquired evidence, or alternatively, the doctrine limits or reduces Plaintiff's alleged damages.

11. Plaintiff's claims do not state facts sufficient to enable Plaintiff to recover exemplary or punitive damages.  Specifically, assuming, arguendo, that any conduct alleged by Plaintiff occurred, such conduct was not in reckless disregard of Plaintiff's rights, nor was it the result of purposeful, knowing, bad faith, intentional, willful, fraudulent, deliberate, callous, oppressive, or malicious conduct by PeopleReady.

12. Plaintiff's claims are barred, in whole or in part, because PeopleReady did not engage in the alleged retaliation set forth in the Amended Complaint, and PeopleReady would

have taken the same employment action in any event for legitimate, nondiscriminatory, nonretaliatory, and non-pretextual reasons.

13. PeopleReady had legitimate nondiscriminatory and nonretaliatory business reasons for any and all actions taken with respect to Plaintiff's employment.

14. Plaintiff cannot prove that PeopleReady had any discriminatory animus or that there was a causal connection between Plaintiff's alleged protected activity and any action taken by PeopleReady.

15. Plaintiff is not a qualified individual with a disability within the meaning of the law.

16. PeopleReady reserves the right to assert by supplemental pleading any affirmative defense or counterclaim which matures or is acquired by PeopleReady subsequent to this Answer.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's First Amended Complaint and Jury Demand, PeopleReady prays for the following relief:

1. That Plaintiff takes nothing and his Complaint be dismissed with prejudice, and without attorneys' fees and costs.

2. Enter judgment in PeopleReady's favor against Plaintiff on call counts;

3. That PeopleReady be awarded its attorneys' fees, costs, and expenses incurred.

4. For such other and further relief to PeopleReady as the Court deems just and equitable.

                                                              Respectfully submitted,

                                                              Defendant,

                                                              PEOPLEREADY, INC.,

                                                              By Its Attorneys,

                                                              /s/ Jessica S. Jewell
                                                              Jessica S. Jewell (BBO# 679489)
                                                              NIXON PEABODY LLP
                                                              One Citizens Plaza, Ste. 500
                                                              Providence, RI  02903
                                                              (401) 454-1000
                                                              (401) 454-1030 (facsimile)
Dated: May 14, 2021                                            jsjewell@nixonpeabody.com

## CERTIFICATE OF SERVICE

       I hereby certify that on the 14th day of May, 2021, I filed and served this document electronically through the Court's CM/ECF system.

                                                               /s/ Jessica S. Jewell