UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

Case No. 3:21-cv-30052-MGM

JOHNNIE R. McKNIGHT,
        Plaintiff,
v.

PEOPLEREADY, INC.,
        Defendant.

**SECOND AMENDED COMPLAINT AND JURY DEMAND**
**(Filed in accordance with leave to file, granted on August 25, 2021)**

## I. PRELIMINARY STATEMENT

1. Employers must not retaliate against disabled workers who request workplace accommodations. Likewise, employers must not suspend or fire such workers because they file complaints of discrimination with the Massachusetts Commission Against Discrimination ("MCAD"). Finally, employers must reinstate workers when they return from a Family Medical Leave Act ("FMLA") leave of absence.

2. Here, Defendant terminated Plaintiff, a worker diagnosed with Attention-Deficit/Hyperactivity Disorder ("ADHD"), after he requested a workplace accommodation and filed a complaint about disability discrimination with the Massachusetts Commission Against Discrimination ("MCAD"). Defendant's conduct in terminating Plaintiff also prevented him from returning from an FMLA qualifying leave of absence. Defendant's conduct has caused and, in the future, will cause Plaintiff to lose many thousands of dollars in lost earnings and benefits, and suffer significant emotional distress.

## II. JURISDICTION AND PROCEDURAL HISTORY

3. Plaintiff filed a Charge of Discrimination with the MMCAD on October 1, 2019, more than ninety (90) days prior to the initial filing of this action.

1

4. This court has jurisdiction of this matter pursuant to M.G.L. c. 151B § 9, the Massachusetts Fair Employment Practices Act.

5. This court has jurisdiction over Plaintiff's FMLA claims pursuant to 29 U.S.C. § 2617(a)(2).

6. This court has jurisdiction over Plaintiffs' Americans with Disabilities Act ("ADA") claims pursuant to 42 U.S.C. § 12101.

## III. PARTIES

7. The Plaintiff, Johnnie R. McKnight, is an adult male and resident of Hampden County, Massachusetts.

8. The Defendant, PeopleReady, Inc. is a Washington Corporation with offices in the Commonwealth of Massachusetts.

## IV. LEGAL PRINCIPLES

9. Employers in Massachusetts must not discriminate against disabled workers who are capable of performing the essential functions of their jobs with or without reasonable accommodations. M.G.L. c. 151B § 4(16).

10. ADHD is recognized as a disability in both Massachusetts state and federal court. *See Currier v. Nat'l Bd. of Med. Examiners*, 462 Mass. 1, 965 N.E.2d 829 (2012).

11. Employers must not reject a reasonable workplace accommodation unless it can be shown that granting the request would constitute an "undue burden" to the employer. M.G.L. c. 151B § 4(16).

12. Employers must not "expel, discharge or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under section five." M.G.L. c. 151B § 4(16).

13. Filing an MCAD complaint constitutes "protected activity." M.G.L. c. 151B § 4; *Malley v. Massachusetts Off on Disability,* 95 Mass.App.Ct. 1103, 124 N.E.3d 159 (2019).

14. Requesting a workplace accommodation on account of a worker's disability constitutes "protected activity." *Malley v. Massachusetts Off on Disability,* 95 Mass.App.Ct. 1103, 124 N.E.3d 159 (2019).

15. Employers must reinstate workers to the same or substantially equivalent position upon return from an FMLA leave of absence. 29 C.F.R. § 825.214.

16. Employers must not retaliate against workers who take FMLA qualifying leave by suspending them or terminating them. *DaPrato v. Massachusetts Water Res. Auth.* 482 Mass. 375, 123 N.E.3d 737 (2019).

**V.    SUMMARY OF FACTS**

17. The Defendant, PeopleReady, is a staffing service for blue collar industries such as construction, manufacturing and logistics, waste and recycling, and hospitality.

18. PeopleReady maintains hundreds of branch offices throughout the United States, including an office located at 1331 Main Street, Springfield, Massachusetts (Branch # 782).

19. At all times relevant, PeopleReady's Springfield, Massachusetts branch office was managed by Matthew Gorski ("Gorski").

20. The Plaintiff was hired by PeopleReady's predecessor company, Labor Ready, in December 2015 as a Trade Recruiter.

21. In 2017, Labor Ready reorganized its business structure and, as a result, the skilled trades work previously managed by LaborReady was shifted to a new entity, PeopleReady, Inc. Plaintiff remained employed by PeopleReady following this transition.

22. In 2017, Plaintiff was promoted to the position of Branch Manager of the Springfield, Massachusetts office.

23. Later in 2017, Plaintiff was promoted again to the position of Skilled Trades Operations Manager, where he remained until his wrongful termination on January 31, 2020.

24. Throughout his employment with LaborReady and PeopleReady, Plaintiff's job performance met or exceeded all expectations set by his employer.

25. In or around 2012, Plaintiff was diagnosed with Attention-Deficit/Hyperactivity Disorder ("ADHD").

26. ADHD is a neurodevelopmental disorder that impacts major life activities including thinking, concentrating, and other functions of the brain.

27. In November 2019, Plaintiff was diagnosed with Adjustment Disorder with Anxiety as a result of the hostile work environment created by the Defendant.  Plaintiff immediately informed PeopleReady of his diagnosis.

28. Plaintiff is a qualified handicapped person as defined by M.G.L. c. 151 §§ 1(16), 1(17) and 1(19).

29. On September 27, 2019, Gorski notified Plaintiff that he would be installing a sliding glass window between Plaintiff's office and the office of Cathy Guevin, PeopleReady's Trade Recruiter ("Guevin").

30. As Trade Recruiter, Guevin had many in-office appointments every workday. Plaintiff believed that installing a sliding glass window between his office and Guevin's would pose a serious distraction – both visually and in terms of the increased noise that he would overhear from Guevin's office.

31. Plaintiff objected to Gorski's plan to install the window, disclosing his ADHD diagnosis and informing Gorski that the window would exacerbate his ADHD symptoms and make it more difficult for him to work in his office.

32. Even after Plaintiff informed Gorski of his ADHD diagnosis, Gorski continued to pursue his window installation plans.  On September 30, 2019, Gorski emailed Plaintiff

informing him that a contractor would be coming to his office to take measurements for the planned window. The following day the contractor measured Plaintiff's office wall for installation of the window.

33. On October 1, 2019, Plaintiff filed his Charge of Discrimination with the Massachusetts Commission Against Discrimination, alleging discrimination based on Plaintiff's disability (ADHD).

34. At the same time, Plaintiff contacted PeopleReady's Human Resources Department to request that PeopleReady reasonably accommodate his disability by refraining from installing a window and by allowing his to close his office door at times in order to better focus.

35. Prior to his October 2019 reasonable accommodation request, and throughout his employment with LaborReady and PeopleReady, Plaintiff had always been allowed to close the doors to his office in order to focus on his work.

36. In or around late October 2019, PeopleReady informed Plaintiff that his accommodation request would need to be submitted on PeopleReady's form by his medical provider.

37. On November 5, 2019, Plaintiff provided PeopleReady with a reasonable accommodation request form completed by his physician which requested that PeopleReady: (1) refrain from installing the window; and (2) allow Plaintiff to close his office door at times.

38. Plaintiff continued to work in October and November 2019 while awaiting a response from PeopleReady concerning his accommodation request.

39. On or about November 18, 2019, a disgruntled employee of PeopleReady made violent threats against Plaintiff.

40. Plaintiff notified Human Resources of the threat and, by letter from his therapist, requested to work from home for a period of time until it was safe for Plaintiff to return to the office.

41. The letter from Plaintiff's therapist explained how the office's negative environment had affect the Plaintiff and diagnosed Plaintiff with Adjustment Disorder with Anxiety resulting from Plaintiff's workplace experiences.

42. Plaintiff's request to temporarily work from home was not unreasonable, in part because Plaintiff had been allowed to work from home at times, even before the accommodations request was made.

43. Plaintiff's request to work from home was denied and PeopleReady placed Plaintiff on unpaid leave until he was cleared from his medical provider to return to work.

44. On December 26, 2019, Plaintiff provided PeopleReady with a Fitness for Duty form filled by his medical provider clearing him to return to work on December 30, 2019.

45. When Plaintiff returned to work on December 30, 2019, he found all of his belongings packed in multiple boxes and placed in the corner of his office. His desk was cleared, and he was locked out of his computer.

46. When Plaintiff contacted Gorski by phone about the state of his office, Gorski told Plaintiff that he needed to stay home until the company had addressed his request for ADHD accommodations that he submitted months earlier.

47. Plaintiff remained on forced leave until he was fired by letter dated January 31, 2020.

48. The letter terminating Plaintiff stated that his termination was due to PeopleReady's denial of his disability discrimination requests.

49. PeopleReady's letter offered no explanation as to why the company's decision to deny Plaintiff's accommodations request also justified the decision to terminate him.

50.     PeopleReady subsequently rejected Plaintiff's request for immediate reinstatement to work.

51.     Refraining from installing a sliding glass window and permitting Plaintiff to close his office door at times would not have constituted an undue burden to the company.

52.     At no point did PeopleReady engage in a meaningful interactive process concerning the accommodations requests made by Plaintiff.

53.     PeopleReady terminated Plaintiff in retaliation for Plaintiff's exercise of protected activity in requesting workplace accommodations and by brining claims against People Ready at the MCAD.

54.     PeopleReady also violated the FMLA by failing to restore Plaintiff to his position, or a substantially equivalent position, upon his return from FMLA qualifying leave of absence on December 30, 2019.

55.     As a result of Defendant's illegal conduct, Plaintiff has suffered economic damages (lost wages, lost benefits, lost opportunities for advancement, lost future earnings) and non-economic damages in the form of emotional distress, attorney's fees and costs.

**COUNT I:**
**DISABILITY DISCRIMINATION IN VIOLATION OF M.G.L. C. 151B § 4(16)**

56.     Defendant, PeopleReady discriminated against Plaintiff by failing to accommodate his request for a reasonable accommodation and by failing to engage in an interactive process concerning the same.

57.     As a direct and proximate result, Plaintiff has suffered, and will continue to suffer, significant economic loss, emotional distress, attorney's fees and court costs.

## COUNT II:
## RETALIATION IN VIOLATION OF M.G.L. C. 151B § 4(4)

58. Defendant, PeopleReady, suspended and later terminated Plaintiff because he filed a complaint with the MCAD, a right provided by M.G.L. c. 151B.

59. As a direct and proximate result, Plaintiff has suffered, and will continue to suffer, significant economic loss, emotional distress, attorney's fees and court costs.

## COUNT III:
## FMLA INTERFERENCE

60. The Family Medical Leave Act ("FMLA") provides that an employer must reinstate an eligible employee on an approved FMLA leave to said employee's same position, or to an equivalent position, upon the termination of said employee's leave.

61. Defendant is and was a covered employer under the FMLA, 29 U.S.C. 26 § 2611 (4)(A).

62. At all times herein relevant, Plaintiff was an eligible employee on an approved FMLA leave for a serious health condition.

63. Defendant violated the FMLA by, *inter alia*, refusing to reinstate Plaintiff to his prior position or an equivalent position, and by terminating his employment.

64. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered special damages for lost wages or salary under 29 U.S.C. § 2617(a)(l)(A)(i).

65. Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(l)(A)(iii) as Defendant did not act in good faith and had no reasonable grounds for believing it was not violating the FMLA.

66. Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(l)(B).

67. Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(l)(A)(3).

## COUNT IV:
## FMLA RETALIATION

68. The FMLA also makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises his right to leave. 29 U.S.C. § 2615(a)(l) ("It shall be unlawful for any employer to interfere with. restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 U.S.C. § 2615(a)(2) ("It shall 26 be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.").

69. Plaintiff is an eligible employee under the FMLA.

70. Defendant retaliated against Plaintiff because he exercised his rights under the FMLA by, *inter alia*, refusing reinstatement and by terminating Plaintiff's employment following his attempts to return to work at the expiration of his leave.

71. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered special damages for lost wages or salary under 29 U.S.C. § 2617(a)(l)(A)(i). Plaintiff is also entitled to liquidated damages under 29 U.S.C. 10 § 26l7(a)(l)(A)(iii) as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating the FMLA.

72. Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(l)(B).

73. Finally, Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(l)(A)(3).

## COUNT V:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("the ADA")

74. The ADA, 42 U.S.C. § 12101 and Massachusetts General Laws chapter 151B § 4(16) prohibit discriminatory practice based on disability.

75. A "reasonable accommodation", such as it applies in Plaintiff's situation, is a modification or adjustment to the work, or the work environment, allowing him to perform the essential functions of the position so he would have been able to continue to receive equal terms, conditions, and benefits of his employment. 29 C.F.R. § 1630.2(o).

76. At all times herein relevant, Plaintiff was an eligible employee under the ADA.

77. Defendant violated the ADA by refusing to engage in an interactive process to provide a reasonable accommodation to his ADHD, to reinstate Plaintiff to his prior position or an equivalent position, and by terminating his employment.

78. As a direct and proximate result, Plaintiff has suffered, and will continue to suffer, significant economic loss, emotional distress, attorney's fees and court costs.

## COUNT VI:
## ADA RETALIATION

79. The ADA also makes it unlawful for an employer to retaliate against an employee who

80. Plaintiff is a disabled person under the ADA.

81. Defendant retaliated against Plaintiff for exercising his rights under the ADA by denying reinstatement and by terminating Plaintiff's employment following his attempts to return to work.

82. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, and will continue to suffer, significant economic loss, emotional distress, attorney's fees and court costs.

## JURY DEMAND

Plaintiff requests trial by jury on the claims.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Award actual damages, including but not limited to, back pay, front pay, lost benefits, lost opportunities for advancement, emotional distress damages, and all other remedies in law and equity available under Massachusetts General Laws Chapter 151B § 9, § 4(16); and 42 U.S.C. § 12101;

2. Award punitive damage pursuant to M.G.L. c. 151B § 9;

3. Award liquidated damages;

4. Award of attorney's fees and costs of litigation; and

5. Any other relief to which Plaintiffs may be entitled.

Dated: August 25, 2021

The Plaintiff,
JOHNNIE R. McKNIGHT,
By his Attorney,

      /s/ Raymond Dinsmore
Raymond Dinsmore, Esq. (BBO # 667340)
Hayber, McKenna & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA  01144
Tel: 413-785-1400; Fax: 860-218-9555
eMail:  rdinsmore@hayberlawfirm.com

## CERTIFICATE OF SERVICE

I, Raymond Dinsmore, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 25, 2021; with a Courtesy Copy sent via eMail to:

>Kelly Lipscomb, Esq.
>TrueBlue Legal Department
>1015 A Street, #1200
>Tacoma, WA  98402
>eMail: klipscomb@trueblue.com

>  /s/ Raymond Dinsmore
> Raymond Dinsmore